Case 4:22-cv-04249   Document 23   Filed on 07/10/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STONGER, <br> Plaintiff, <br><br> VS. <br><br> EDWARD FESTERYGA, <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:22-CV-4249 |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is a motion to remand filed by Plaintiff Abraham, Watkins, Nichols, Agosto, Aziz & Stronger ("AW"). (Dkt. 14). After carefully reviewing the motion, response, reply, and the applicable law, the Court finds that AW's motion should be **GRANTED**. This case is remanded to the 11th District Court of Harris County.

### **FACTUAL BACKGROUND**

AW, a plaintiff-side personal injury firm, hired Edward Festeryga as an associate in November 2020. AW terminated Festeryga in September 2022 after a client reported that Festeryga attempted to lure the client to Festeryga's new employer—the existence of which was news to AW. AW further alleges that at the time Festeryga was fired, Festeryga was soliciting other AW clients to his new firm and copying AW's confidential client files.

In the following weeks, AW claims that a staff member was asked by Festeryga to copy AW files onto a flash drive and to deliver the drive to him; the AW staff member declined to do so. Upon learning this, AW sent a demand letter to Festeryga in an attempt

1

to reclaim the documents and recorded conversations that AW claims were illicitly obtained by Festeryga.

AW sued Festeryga in state court the following month, asserting claims of breach of fiduciary duty, tortious interference with contract, and conversion. (Dkt. 1-3). AW also sought a declaratory judgment stating that: (1) AW properly paid Festeryga all amounts due to him (in response to Festeryga's contention that he was owed bonuses at the time of his termination); (2) Festeryga breached his fiduciary duty to AW; (3) Festeryga should disgorge any compensation earned when breaching his fiduciary duty to AW; (4) AW owns the information that Festeryga illicitly obtained from the firm; and the information that Festeryga obtained is confidential and protected from disclosure. (Dkt. 1-3 at 24). Festeryga filed a motion to dismiss all of AW's claims, with the exception of AW's request for a declaratory judgment, pursuant to the Texas Citizens Participation Act ("TCPA"). *See* case number 2022-76196 in the 11th Judicial District Court of Harris County, Texas, Defendant's partial motion to dismiss filed on November 29, 2022.

Shortly after filing his partial motion to dismiss, Festeryga removed the case to federal court. (Dkt. 1). AW filed a motion to remand. (Dkt. 14). The motion is considered below.

## LEGAL STANDARD

A defendant may remove to federal court a state-court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Because it implicates important

federalism concerns, removal jurisdiction is strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997). Any doubts concerning removal must be resolved in favor of remand, *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), and the federal court "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Jurisdiction is determined based on the facts and pleadings as they stand at the time of removal. *GlobeRanger Corp. v. Software AG United States of America, Inc.*, 836 F.3d 477, 488 (5th Cir. 2016); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The removing party bears the burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## ANALYSIS

AW argues that remand is warranted because (1) Festeryga waived his right to removal by seeking an adjudication on the merits of the state-court suit and otherwise agreeing to proceed in state court, and (2) Festeryga has not met his burden to establish his Canadian citizenship, which is necessary to establish diversity jurisdiction. (Dkt. 14 at 4-9). AW additionally argues that the "notice of removal" filed in this Court by nonparty Festeryga PLCC ("the PLCC") has no legal effect and should not impact the Court's jurisdictional analysis. (Dkts. 9, 14 at 9-11). For the reasons discussed below, the Court agrees that remand is warranted because Festeryga waived his right to remove. Because this finding resolves the remand analysis, the Court declines to make findings on the

3

parties' citizenship dispute. The Court further agrees that the PLCC's involvement in this case, or lack thereof, has no bearing on the Court's analysis.

### A. Feseteryga waived his right to remove.

AW argues that Festeryga waived his right to remove by (1) filing a partial motion to dismiss pursuant to the TCPA in state court, and (2) agreeing in writing to an Agreed Protective Order that triggered Texas Rule of Civil Procedure 76a's arduous procedural rules. (Dkt. 14 at 4-7). In response, Festeryga argues that merely filing a dispositive motion in state court does not constitute waiver of the right to remove, nor does agreeing not to oppose AW's request for the protective order. (Dkt. 16 at 13-23). While the Court does not find that consenting to a protective order meets the exacting standard required of waiver, the Court agrees that Festeryga waived his right to remove by filing a motion to dismiss in state court.

Defendants may waive their right to removal by taking "substantial action in state court indicating an intent to submit the case to the jurisdiction of that court." *Ortiz v. Brownsville Indep. Sch. Dist.*, 257 F. Supp. 2d 885, 889 (S.D. Tex. 2003). Such waivers must be clear and unequivocal. *Strong v. Green Tree Servicing, L.L.C.*, 716 F.App'x 259, 263 (5th Cir. 2017). To make such determination, courts have looked to whether the defendant has taken action in state court simply "for the purpose of preserving the status quo," or whether the defendant has manifested "an intent to litigate the merits of the claim." *Jacko v Thorn Americas Inc.*, 121 F Supp 2d 574, 576 (E.D. Tex. 2000) (citation omitted).

4

As an initial matter, the Court disagrees with AW's argument that negotiating the terms of a protective order and agreeing to the entry of that order provides "clear and unequivocal" evidence of an intent to proceed in state court. *Gore v. Stenson*, 616 F. Supp. 895, 898 (S.D. Tex. 1984). The Fifth Circuit has held that a state-court defendant does not waive his right to remove by engaging in procedural maneuvers such as moving for entry of a confidentiality order, moving to transfer venue, moving to consolidate under Texas Rule of Civil Procedure 11, and filing special exceptions. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003) ("[T]he right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits."). Thus, Festeryga did not waive his right to remove by negotiating the terms of, and agreeing to, a state-court protective order.

Filing a motion to dismiss in state court, on the other hand, demonstrates an intent to "invoke[e] the jurisdiction of the state court" and thus constitutes a waiver of the right to remove. *Johnson v. Heublein Inc.*, 227 F.3d 236, 244 (5th Cir. 2000); *see also Brazos Presbyterian Homes Inc v. Thomas Hancock Witte & Assocs.*, No. 4:21-CV-03387, 2022 WL 4485174, at *5 (S.D. Tex. Sept. 27, 2022) ("[T]he Fifth Circuit instructs that when a defendant files a motion to dismiss in the state-court proceedings prior to removal, such conduct constitutes waiver of the defendant's right to remove the case under the original complaint in that action.") (internal quotation omitted). The Court thus finds that Festeryga waived his right to remove by filing a motion to dismiss under the TCPA.

5

Festeryga's arguments against finding waiver here are unavailing. Festeryga initially attempts to distinguish the filing of a dispositive motion versus "setting [the motion] for hearing or otherwise urging a ruling," the former of which, according to Festeryga, is "insufficient to sustain a finding of waiver." (Dkt. 16 at 13). In response, AW notes that Festeryga did more than merely file his motion and take no other action; instead, Festeryga immediately benefited from his filing of the motion by obtaining a stay of discovery while the motion was being considered—a stay that was invoked by Festeryga's counsel in response to AW's discovery requests. (Dkt. 17 at 11-12). The Court agrees with AW that Festeryga's actions reflect an intent to invoke the jurisdiction of the state court.

Festeryga additionally invokes the TCPA's 60-day filing deadline in an effort to justify the filing of his motion to dismiss—*i.e.*, Festeryga argues that he risked waiving his right to dismiss under the TCPA if he removed the case before filing his motion to dismiss. (Dkt. 16 at 20). But, as AW notes, (1) the TCPA permits state courts to extend the 60-day filing deadline; and (2) First Court of Appeals case law instructs courts to toll the filing deadline when cases have been removed to federal court. *See Hill v. Keliher*, 2022 WL 3031620, at *10 (Tex. App.—Houston [1st Dist.] August 2, 2022, no pet.). (Dkt. 17 at 12-13). The Court thus finds that Festeryga was not obligated to file a motion to dismiss to preserve his remedies under the TCPA.

Having found that Festeryga waived his right to remove, the Court finds that remand is warranted here.

## B. The PLCC is not a party in this case and its actions do not affect the Court's jurisdictional analysis.

As an alternative defense against remand, Festeryga argues that (1) AW added the PLCC as a defendant after the case was removed to federal court, and (2) the PLCC has its own right to remove that is unaffected by Festeryga's waiver of his right to remove. (Dkt. 16 at 23-25). Thus, per Festeryga, the PLCC's notice of removal—which was filed in this Court after AW supposedly added the PLCC as a defendant—moots AW's waiver argument. (Dkt. 16 at 23-25). The Court disagrees.

AW did not, as Festeryga claims, somehow add the PLCC to this case merely by filing a pre-motion conference letter that requested leave to file an amended complaint in which the PLCC would be added as a defendant. (Dkt. 16 at 24). Nor, as Festeryga also claims, does the proposed amended complaint that accompanied AW's pre-motion conference letter constitute AW's live pleading in this case. (Dkt. 16 at 24). Put simply, a proposed motion for leave to file an amended complaint is not an amended complaint. Similarly, a proposed amended complaint that was attached to a motion for leave and withdrawn before the Court granted the leave request is not an amended complaint. Thus, the PLCC is not a defendant in this lawsuit, and the PLCC's filing of a so-called "notice of removal" in this Court has no legal effect. 28 U.S. Code § 1446 (providing procedures for removal of civil actions for "[a] defendant or defendants").

The Court finds that the PLCC's involvement in this case does not affect the Court's jurisdictional analysis.

## CONCLUSION

AW's motion to remand (Dkt. 14) is **GRANTED**, and this case is remanded to the 11th District Court of Harris County.

SIGNED at Houston, Texas this 10th day of July, 2023.

                                              GEORGE C. HANKS, JR.
                                              UNITED STATES DISTRICT JUDGE